DAVID GREWAR and others *v.* N. E. ALLOWAY and others.

October Term, 1877.

MECHANIC'S LIEN — SCENERY AND FIXTURES OF A THEATRE. — Under a statute which gives a lien on the land upon which a house has been built or repaired, improvements made, or fixtures or machinery furnished, to all persons doing any portion of the work, or furnishing any portion of the materials, or putting thereon any fixtures, machinery, or materials, either of wood or metal, persons are entitled to the lien who, in the repair, renovation, and refitting of a theatre, furnished and put up balusters and railings in front of the boxes, rollers, pulleys, etc., for shifting scenery, and other stage-properties, painted the scenery, and furnished chairs to seat the audience, which chairs were intended to be and were fastened to the floor.

*Ed. Baxter*, for complainants.
*G. M. Fogg*, for defendants.

THE CHANCELLOR : — The questions submitted to me in this case are, whether certain persons are entitled to the mechanic's lien on a theatre, and the lot on which it is situated, for work done and materials furnished in repairing and fitting up the theatre. One of these persons furnished the chairs to seat the audience, the chairs being furnished as such, and afterwards fastened to the floor of the theatre by another person, employed for that purpose. Another claimant furnished and put up balusters and railings in front of the boxes, and rollers, pulleys, etc., for shifting scenery, and other stage-properties. A third person claims for painting the scenery of the theatre, being employed for this purpose at an agreed salary per week.

The Code provides :

" Sec. 1981. There shall be a lien upon any lot of ground or tract of land upon which a house has been constructed, built, or repaired, or fixtures or machinery furnished or erected, or improvements made, by special contract with the owner or his agents, in favor of the mechanic or undertaker, founder or machinist, who does the work, or any part of the work, or furnishes the materials, or any part of

the materials, or puts thereon any fixtures, machinery, or materials, either of wood or metal.

"Sec. 1981a. That section 1981 of the Code be so amended that the benefits of said section shall apply to all persons doing any portion of the work, or furnishing any portion of the material for the building contemplated in said section." Act of 1860, ch. 114.

These provisions are broad and comprehensive, and our courts have held that they should be liberally construed. *Barnes* v. *Thompson*, 2 Swan, 313; *Bush* v. *Lanier*, 1 Coldw. 540.

The proof shows that the defendant, the owner of the theatre, undertook to thoroughly overhaul and repair the theatre-building and all the interior arrangements, including the seats, balusters in front of the boxes, and scenery, and that the work in question was done, and articles furnished, under special contract, in the course of the general renovation. In regard to the balusters and railings of one of the claimants, there can be no serious contest that they constitute improvements and fixtures within the meaning of the act. I think there is a little doubt that the rollers, pulleys, etc., for shifting scenery, and other stage-properties, are "fixtures or machinery" within the meaning of the act. The movable scenery and flying-stages of a theatre, necessary for the purposes of theatrical exhibitions, and which, in this respect, it has been said, must be considered as a species of trade, are "trade fixtures." Such fixtures, like other trade fixtures, are, as between landlord and tenant, removable by the tenant, but, as between the owner and the mechanic, are subject to the mechanic's lien law. *Gray* v. *Holdship*, 17 Serg. & R. 413; *Olympic Theatre*, 2 Browne, 275. The question whether a thing is a fixture or not, as between owner and mechanic, depends little upon the mode of annexation. Its fitness for the particular place where it is annexed, its being connected with the general business

conducted there, and other facts going to show the intent. of the owner to make one thing of the land and chattels to cairy out a general purpose, would have more effect upon the question than the mode or permanence of the annexation. It has consequently been held, as between the owner and mechanic, that every thing put into and forming a part of a building, or machinery for manufacturing purposes, and essential to the manufactory, is a part of the freehold, and a fixture, — as, the wheels of a mill, the stones, and even the bolting-cloth, the copper kettle of a brewhouse, and the like. *Wademan* v. *Thorp*, 5 Watts, 115; *McCreary* v. *Osborne*, 9 Cal. 119. And it is obvious that whatever is thus liable to the mechanic's lien as a fixture must be equally treated as a fixture when furnished by the mechanic, or other person, under the statute. An organ in a church has been held to be a fixture, as between mortgageor and mortgagee. *Rogers* v. *Crow*, 40 Mo. 91.

Nor do I think there is any serious doubt as to the mechanic's lien for the chairs furnished. That these chairs were intended to be fastened to the floor permanently as fixtures for the purposes of the theatre is certain, and they have been so fastened. The mere fact that the fastening was done by a third person can no more affect the lien of the person who furnished them for the purpose, than the fact that the shingles of the roof of a house are nailed on by one person will prejudice the lien of another who supplied the shingles.

At first blush, the painting of the scenery seems to afford the least ground for the claim of the mechanic's lien. But, under a law which secures all persons furnishing labor " for erecting or repairing " a building, house-painters have been held to be within its protection. *Martine* v. *Nelson*, 51 Ill. 422. Nor has it ever been doubted that the housepainter would, under our statutes, have a lien for his work. If the scenery of a theatre is to be considered a fixture,

then he who paints it does work upon that fixture precisely as the house-painter does work on the building; and if the latter be within the statute, the former must be also.

The exceptions will be overruled, and the report confirmed.