## Cors v. Tompkins.

1. INJUNCTION—*Damages on Dissolution.*—The question to be determined, is the damage suffered because of the injunction. The necessary and actual cost of removing the same is the real damage. An allowance for attorney's fees for services in the Appellate Court after the injunction has been terminated by an order of the court below is improper.

2. INJUNCTION—*Dissolution—Damages—Services of Solicitor.*—It is not merely what the services of the solicitor were reasonably worth that is to be found, but for what sum the party has been reasonably and fairly made liable, or what he has reasonably and fairly paid.

3. INJUNCTION—*Dissolution—Damages—Solicitor's Fees—Agreement.* —Where there was an agreement with an attorney to prepare and argue a motion to dissolve an injunction for the sum of $100, that being the extent

of the damage, the defendant can not recover $200, although the attorney's services might have been worth that sum.

**Memorandum.**—In chancery. Appeal from an order of the Superior Court of Cook County awarding damages upon the dissolution of the injunction; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed February 13, 1894.

The statement of facts is contained in the opinion of the court.

KELSEY & LAZARUS, attorneys for appellant.

WM. R. BURLEIGH, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of court awarding damages upon the dissolution of an injunction. The damages claimed were for expense incurred in the employment of attorneys. Among the services rendered by appellee's attorneys were certain appearances and arguments in this court, upon an appeal from the order of dissolution.

We do not think that an allowance can be made for service here rendered after the injunction has been terminated by an order of the court below. Nor do we think that the evidence presented in this case as to the liability of or payment by the appellee for the amount awarded by the court was sufficient. It is not merely what the services of the solicitor were reasonably worth that is to be found, but for what sum has the party been reasonably and fairly made liable, or what has he reasonably and fairly paid; the thing to be determined is the damage he has suffered because of the injunction; the necessary and actual cost of removing the same is damage.

If there was an agreement with an attorney to do all that he could, or to prepare and argue a motion to dissolve for the sum of $100, that being the extent of the party's damage, he could not recover $200, although the attorney's serv-

ices might have been worth that sum. It is necessary that courts should be particular about matters of this kind. Jevne & Almini v. Osgood et al., 57 Ill. 340; Elder et al. v. Sabin et al., 66 Ill. 126; Harms, Impl'ed, etc., v. Fitzgerald, 1 Ill. App. 325; Gerard v. Gateau, 15 Ill. App. 520–530; McGouwn v. Law, 18 Ill. App. 34–38; Stinnett v. Wilson, 19 Ill. App. 38–41.

The judgment of the Superior Court is reversed and the cause remanded.