# John T. Parker

*v.*

# Lewis Garrison *et al.*

1. SPECIFIC PERFORMANCE—*when enforced.* Courts of equity will, as a general rule, in all proper cases, enforce contracts relating to the sale of lands, but not in regard to sales of personal chattels. But there are exceptions to, or limitations of, the rule, as cases may arise where a contract for the sale of chattels will be enforced.

2. PURCHASE OF LAND—*release of contract.* Where a party purchased a tract of land of another, and being unable to make payments prevailed upon his vendor to release him from the purchase and to agree to treat him as a tenant for the year he occupied the premises, and to receive, in corn, one-half of the grain raised on the premises during the year, for the rent, which was to be delivered at a specified place, but the purchaser refused to perform his contract and fraudulently placed a part of the corn in the hands of other persons, and was insolvent: *Held,* as the owner of the land was justly and equitably the owner of the corn, and as the purchaser had been fully paid for it, and was insolvent, there was not an adequate remedy at law, and equity should afford relief by enjoining its sale by those having the possession.

3. REPLEVIN. In such a case, as no delivery of the corn had been made, it is doubtful whether it could have been recovered by writ of replevin, especially as a part of it was not separated from other corn with

which it was stored, and in the hands of the persons with whom it had been placed and a part in the possession of the purchaser of the land; and if such a recovery could have been had, it would have required several suits, and there being no plain and adequate remedy at law, relief was granted.

4. TRUST PROPERTY—*will be controlled by a court of equity.* Where the contract is so far completed that the vendor has been paid in full and has no claim upon the property arising from the contract, and it only remains to deliver possession of the property to the purchaser, it seems the vendor, in equity, is a trustee of the property for the benefit of the purchaser, and equity might take jurisdiction.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

The bill alleges that John T. Parker, about the first of February, 1870, agreed to sell a tract of land to Lewis Garrison for $4620, to be paid in installments, with interest; that nothing was paid on the purchase, but Garrison went into possession of the land and occupied and raised a crop of corn, etc., thereon; that, having failed, and being unable to pay the first installment falling due, Garrison prevailed on Parker to release him from the purchase, with the agreement that Parker should treat him as a tenant, and receive from him, for the use of the land during the year 1870, one-half of the crops raised on the land that year, but all to be paid in corn; that Garrison raised on the premises three thousand bushels of corn and four hundred bushels of oats; that Garrison had hauled to Manteno and delivered to Adam Sockie, Leon Euzier and Gardiner P. Comstock, about six hundred bushels of the corn, and stored the same in his own name, and was hauling the remainder to them to be stored in the same manner; that Sockie, Euzier & Co. refused to let Parker have the corn or to pay him for the same, and that Garrison is insolvent, and intended to defraud complainant out of his rent. The bill makes them all defendants, and prays that Sockie, Euzier & Co. be restrained from delivering the grain to, or paying Garrison therefor, and that he be restrained from selling, mortgaging, pledging, etc., the grain.

252          PARKER v. GARRISON et al.          [Sept. T.,

Opinion of the Court.

To this bill a demurrer was filed, which the court sustained and dismissed the bill, and complainant appeals to this court.

Mr. THO. P. BONFIELD and Mr. W. S. DECKER, for the appellant.

Mr. WILLIAM POTTER, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

The question presented by the record in this case is, whether chancery will entertain-jurisdiction of a bill for injunction in the nature of a specific performance of an agreement respecting personal chattels.

There is a distinction taken in equity, in regard to specific performance, between contracts which relate to land and those which relate only to personal chattels, the general rule being that equity will give this relief in contracts of the first, but not in those of the latter kind.

This distinction proceeds upon the ground that, in the case of real estate, damages at law may not afford a complete remedy, but that in the case of personal property a compensation in damages furnishes an adequate remedy.

But this general rule, not to entertain jurisdiction in equity to enforce contracts in relation to personalty, is subject to exceptions, or rather, as Judge Story says in his Commentaries, is limited to cases where a compensation in damages furnishes a complete and satisfactory remedy.    2 Story Eq. Ju. sec. 718.

As shown by the bill, complainant has an interest in the corn which is the subject of this suit.   It justly and equitably belongs to him.   The defendant Garrison had received from him the entire consideration for it in being released from his contract of purchase, and in having enjoyed the use and possession of the land purchased, during the year 1870, and it was his plain duty to deliver the corn to the complainant at Manteno ; but in violation of his duty, and in fraud of the complainant's rights, he was about disposing of, and appropriating

to his own use, the property, so that it would be placed be-
yond the reach of the complainant.

What had the complainant in the way of any adequate rem-
edy at law? Garrison was insolvent. Any recovery of dam-
ages against him would have been worse than bootless, as it
would only have entailed upon the complainant an additional
loss in the form of a bill of costs. And although this view
of the personal responsibility of a defendant seldom seems to
enter into the consideration of courts of equity, they taking it
for granted that what a party is bound by law to do, he can
do and will do, this consideration of personal responsibility is
not always disregarded.

In a suit for the transfer of stock according to a contract of
sale, where performance was decreed, it was given as a reason
that a court of law could not give the property, but could
only give a remedy in damages, the beneficial effect of which
must depend upon the personal responsibility of the party.
*Dolout* v. *Rothschild*, 1 Sim. & Stu. 590.

The remedy by replevin, at least, would have been doubt-
ful and uncertain from the difficulty of showing a legal title in
the specific property, there having been no delivery, and the
corn agreed to be delivered having been, at the time of the
agreement, an undivided portion of a larger quantity of corn.
It would have involved, too, the necessity of several suits, as
a part of the property was in the possession of Sockie, Euzier
& Co., and a portion still remained in the hands of Garrison.

The complainant's fit remedy was, to have restrained any
further disposition of the property, and to have Sockie, Euzier
& Co. restrained from paying over to Garrison the proceeds
of what had been disposed of, and this, only a court of equity
could give.

It was said, in the case of *Clark* v. *Flint*, 22 Pick. 231, be-
ing a bill in equity for the specific performance of a contract
relating to personal property, "If the party injured by a
breach of a contract can not avail himself of his remedy at
law for any beneficial purpose, or if it be doubtful whether he

254      PARKER v. GARRISON et al.     [Sept. T.,

Opinion of the Court.

can or not, a court of equity, if it can relieve him, ought certainly to interpose and compel the other party to perform his contract."

We are of opinion that the bill makes a case for the interference of a court of equity, upon the fundamental rule of equity jurisdiction that there is not a plain, adequate and complete remedy at law. 2 Story Eq. Ju. secs. 718, 708, 89, 721 ; *Clark* v. *Flint, supra; Mechanics' Bank of Alexandria* v. *Seaton,* 1 Pet. 299 ; *Osborn* v. *The Bank of the United States,* 9 Wheat. 738 ; *Wood* v. *Rowcliff,* 3 Hare R. 303 ; *Adderley* v. *Dixon,* 1 Sim. & Stu. 608 ; *Sullivan* v. *Tuck,* 1 Md. Ch. Dec. 59.

It would seem, too, that jurisdiction might be exercised here on the ground of executing a trust. With respect to a personal chattel, equity will enforce a *trust* concerning it, but not a contract.

The mere contract for the sale and delivery of a chattel can not, as would a contract of sale in the case of land, create a trust.

But it has been held that, if the contract in regard to personalty be complete so far as the vendor is concerned, if he has been paid all that he was entitled to and has no claim upon the property arising from the contract, and the contract only remains unperformed to the extent that the property has not been delivered to the purchaser, then the vendor would become a mere trustee of the property for the benefit of the purchaser. *Pooley* v. *Rudd,* 14 Beav. 34 (7 Eng. L. & E. 229).

The bill seems to present such a case.

The cases cited by appellee's counsel, of *Greenway et al.* v. *Thomas,* 14 Ill. 271, *Bigelow* v. *Andress,* 31 Ill. 322, and *McConnel* v. *Dickson,* 43 Ill. 99, to the effect that, as a general rule, a creditor must first reduce his debt to a judgment before he can resort to a court of equity for aid in its collection, do not apply, as this bill is not filed in behalf of a creditor merely, but in behalf of one who has an interest in the property involved which is being endangered.

The court below should have overruled instead of sustaining the demurrer to the bill.

The decree is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*