THE GRAPE CREEK COAL COMPANY

v.

THOMAS L. SPELLMAN ET AL.

*Written Contract—Specific Performance—Bill to Enforce—Injunction.*

Chancery will not entertain a bill to specifically enforce contracts relating to personal property; nor contracts which by their terms call for a succession of acts whose performance can not be consummated by one transaction, and which require protracted supervision and direction.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Vermillion County; the Hon. J. F. HUGHES, Judge, presiding.

Mr. J. B. MANN, for appellant.

Messrs. W. J. CALHOUN and M. W. THOMPSON, for appellees.

WALL, J. The appellant filed a bill in chancery against the appellees to enforce specific performance of a certain written contract executed by the parties, providing as follows:

" *First.* The said Spellman (one of the appellees) to sell

Grape Creek Coal Co. v. Spellman.

and the said coal company (appellant) to buy the out-put of his mine, the minimum amount being not less than 2,000 tons of lump coal per month, the price for which should be $1.12½ based on a mining rate of sixty-five cents, and the mixed coal at $3 per car, large or small.

" *Second.*   The said Spellman to give his services, turning over his trade to said coal company for the sum of $100 per month and expenses.   The said arrangement to terminate April 1, 1891."

The bill averred that the coal in question was of superior quality, having an established reputation, and that complainant had built up a large trade in disposing of coal of the same grade; that Spellman entered upon the performance of the contract and continued therein for a time, but that afterward and without any reasonable cause, refused to deliver coal under the contract, whereby and because of the alleged insolvency of Spellman the complainant had no adequate remedy at law.   Prayer for specific performance, by means of an injunction restraining the defendant from selling his out-put to any one except the complainant and for an account to be taken of the damages sustained.

The answer denied that there was a special or peculiar quality in the coal, as alleged, or that the product of such coal was limited; denied that the complainant had built up a large trade dependent upon this coal; admitted refusing to furnish coal under the contract, but set up as an excuse that complainant had for a considerable time failed to make payments under the terms of the contract, thereby causing the defendant great embarrassment financially, and averred that he was always ready and willing to carry out the contract on his part and would have done so if complainant had paid for the coal delivered when payment was due.

The cause was heard and a decree was entered dismissing the bill.

There was some conflict upon the questions of fact raised by the answer; but we think it very clear that no case appears for the relief asked by the bill and peculiarly to be afforded by a court of chancery.   Indeed, upon the face of the bill and

the contract as therein set out, it is difficult to see what there is to give jurisdiction.

It is apparent that the damages alleged can be ascertained at law, and we see nothing to prevent the application of the general rule, that chancery will not entertain a bill to specifically enforce contracts relating to personal property; nor contracts which by their terms call for a succession of acts whose performance can not be consummated by one transaction, and which require protracted supervision and direction.

A court of equity would not undertake to compel a contractor to build a railroad or a warehouse, nor can it successfully enforce an agreement for the operation of a mine or a manufactory. In the very nature of things, relief in respect to matters of that sort would be out of the question because not practicable. Here the court can not compel the defendant to employ men to work his mine, operate his machinery, furnish necessary supplies, produce the coal, and deliver it to the complainant. A succession of continuous acts calling for his personal services and for the exercise of his judgment, experience and tact in reference to a complicated business, can not be specifically compelled as would be necessary in this instance. Indeed, the complainant seeks to avoid this difficulty by praying for an injunction to restrain the selling of the coal to others; but this would not give him the coal, nor does it accord with his theory of relief that he needs this particular variety of coal to supply his trade. A court of equity will not assume what it can not practically accomplish. Another difficulty is that by the terms of the contract the period was limited. That period was rapidly passing when the bill was filed and has now expired.

In effect the complainant was merely seeking an assessment of damages for a violated contract in regard to personal property and personal services. A court of chancery could not properly grant the desired relief. The decree will be affirmed.

*Decree affirmed.*