# Alfred Harley v. The Sanitary District of Chicago.

1. SPECIFIC PERFORMANCE—*Under Prayer for Relief.*—Under the prayer of general relief specific performance may be decreed if the nature of the contract permits it.

2. SAME—*Contracts Relating to Personal Property.*—Chancery will not entertain a bill to specifically enforce contracts relating to personal property; nor contracts which, by their terms, call for a succession of acts, where such performance can not be consummated by one transaction, or which require protracted supervision and direction.

3. CHANCERY PRACTICE—*Objection to the Equity of the Bill.*—Under the practice of this State objection to the equity of the bill may be made by answer.

4. SOLICITOR'S FEES—*On Dissolution of an Injunction.*—On the dissolution of an injunction solicitor's fees can only be allowed for such services as were necessary in procuring the dissolution.

**Memorandum.**—Bill for injunction and relief. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed July 23, 1894.

The opinion states the case.

APPELLANT'S BRIEF, JOHN J. COBURN, WM. E. MASON, LAW-
RENCE M. ENNIS, GEO. W. BROWN AND CLARK
JAMES TISDEL, ATTORNEYS.

The allowance for solicitors' fees upon the assessment of damages upon dissolution, must be confined to services necessary to the dissolution. Alexander v. Colcord, 85 Ill. 328; McQuown v. Law, 18 Ill. App. 34; Gerard v. Gateau, 15 Ill. App. 520; Field v. Meddenwald, 26 Ill. App. 642.

APPELLEE'S BRIEF, ORRIN N. CARTER, GEORGE E. DAWSON,
AND COLLINS, GOODRICH, DARROW &
VINCENT, ATTORNEYS.

Injunctions, the effect of which is to interfere with or suspend the operations of important public works, should be granted only for the prevention of irreparable mischief. High on Injunc., Secs. 615, 833, 1185; Story's Ex. Juris.,

Sec. 459; Barton v. Wolf, 108 Ill. 195; Pierce v. Plumb, 74 Ill. 326.

Equity will not decree specific performance of a contract relating to personal property unless there is some element in it to show that the relief at law may not be adequate. Sohn v. Mitchell, 115 Ill. 124.

A court of equity will not enforce specifically a contract which provides for the rendering of personal services, or for the performance of acts in the future requiring supervision and direction. Blanchard v. Railroad Co., 31 Mich. 43; Kidd v. McGinnis, 48 N. W. Rep. 221; 2 High on Injunc., Secs. 1107, 1109, 1121, 1162; 3 Pomeroy, Eq. Juris., 2d Ed., Sec. 1405, p. 2167, note; Grape Creek Coal Co. v. Spellman, 39 Ill. App. 630; Fargo v. N. Y. & N. E. R. R. Co., 3 Misc. N. Y. Rep. 205.

A court of equity will not enforce a contract by injunction, or sustain an injunction in relation to a contract it can not specifically enforce. Gas Co. v. Lake, 130 Ill. 60; Gelston v. Sigmund, 27 Md. 334, 343; 3 Pom. Eq. Juris., Sec. 1341; 1 Spelling Ex. Rem., Sec. 478; Leake on Contracts, pp. 968, 970; High on Injunctions, Secs. 1107, 1109.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee is a public corporation engaged by the authority of the State in opening a channel through which a portion of the water of Lake Michigan will be diverted from the Gulf of the St. Lawrence to the Gulf of Mexico.

The appellant made with the appellee a contract by which the appellant undertook to do a portion of the work, and gave a bond with security in the sum of $100,000, conditioned for the performance of the contract on his part.

The contract provided in effect that the appellee might take the work from the appellant upon the happening of contingencies which the appellee claimed had happened, and therefore did take the work from the appellant. Thereupon the appellant filed this bill for an account as to so much as the appellant had done under his contract, and damages for the wrong done him, and an injunction to pre-

Harley v. Sanitary District of Chicago.

vent the appellee from interfering with his "possession and contract of said work or his prosecuting the same, from reletting the same, or any part thereof," and other relief.

The bill does not in terms pray a specific performance of the contract, but under the prayer of general relief, such performance might be enforced if the nature of the contract permitted it, and an injunction as the bill prays, would necessitate such enforcement as a consequence; for if the work may not be taken from the appellant, and must be done, he must do it.

Now that such a contract can not be specifically enforced in equity is familiar law. The principle is stated in Grape Creek Coal Co. v. Spellman, 39 Ill. App. 630.

As is there said, "It is apparent that the damages alleged can be ascertained at law, and we see nothing to prevent the application of the general rule, that chancery will not entertain a bill to specifically enforce contracts relating to personal property, nor contracts which by their terms call for a succession of acts whose performance can not be consummated by one transaction, and which require protracted supervision and direction."

And "Where an agreement is of such a nature that it is practically impossible for a court to enforce it, and the bill for an injunction is in effect a bill for a specific performance, equity will not interfere." High on Injunctions, Sec. 1162.

A very elaborate case decided last year, in which is collected a great mass of authority, is Fargo v. New York, etc., R. R., 23 N. Y. Supp. 360. See also, Johnson v. Shrewsburry & Birmingham Ry., 3 De Gex, M. & G. 914.

Exceptions to the rule may be found in cases relating to theaters. Kennicott v. Leavitt, 37 Ill. App. 435; High on Inj., Sec. 1164.

So of operating contracts between railroads. South & North R. R. v. Highland Ave. R. R., 13 Southern Rep. 682.

There is another very important feature of this case. The appellee is a public corporation, engaged in the prosecution of a work of great public and pressing necessity.

Delay in completing it is to be deprecated. If the appellant has suffered wrong the courts of law are open to him, and better for the public it is to pay damages than have the work delayed. High on Inj., Sec. 1185.

That objection to the equity of the bill may be made by answer seems to be the rule in this State. Sachsel v. Farrar, 35 Ill. App. 277; Chi. Pub. Stock Exch. v. McClaughry, 148 Ill. 372.

The decree dissolving the interlocutory injunction and dismissing the bill for want of equity is affirmed.

The court awarded $1,000 to the appellee as damages, caused by the injunction.

The only evidence as to damages was the testimony of one of the attorneys, who, after stating his experience in the profession, and the services of the attorneys for the appellee, said: "I think a very low fee for the services of the attorneys in this case would be one thousand dollars." This is not enough. Cors v. Tompkins, 51 Ill. App. 315.

Only reasonable solicitors' fees paid, or agreed to be paid, by the appellee for services rendered in procuring the dissolution of the injunction, can be recovered. Lawrence v. Trainor, 136 Ill. 474. And such only as are usual and customary. Zibell v. Barrett, 30 Ill. App. 112.

A motion to dissolve for want of equity on the face of the bill would seem to have been all that was necessary; the answer and affidavits seem to be superfluous, and, if so, are not to be considered in awarding damages. Hayes v. Chi. & N. W. S. & G. Co., 37 Ill. App. 19.

Since the case last cited was decided, the Supreme Court, in Lawrence v. Trainor, 136 Ill. 474, has set the example of dividing the costs, which example we follow, and direct that each party pay one-half of the costs of this court.

Decree affirmed as to the principal case; and as to damages reversed and remanded.