# Ernest V. Johnson, Carl D. Bradley and Elias F. Gobel v. Sanitary District of Chicago et al.

1. COURTS OF CHANCERY—*Interference with Boards Charged with the Execution of Public Works.*—It is with reluctance that a court of chancery will interfere with the discretion of a board charged with the execution of a public work and in the awarding of contracts, exercising powers quasi judicial.

2. SANITARY DISTRICT—*Powers of the Trustees as to Bids.*—The trustees of the sanitary district are, in the nature of things, better qualified to determine what bids should be accepted and what rejected than a court of chancery can be, and it can only interfere where the chancellor can see that the trustees have either acted in violation of law, or in such a manner that its contract virtually amounts to a fraud.

**Bill to Compel the Awarding of a Contract.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Submitted at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

BURNHAM & BALDWIN, attorneys for appellants.

APPELLEES' BRIEF, GEORGE E. DAWSON AND CHARLES C. PICKETT, ATTORNEYS.

A mandamus or a mandatory injunction lies to compel the performance of official duties which are purely ministerial, but not those which are discretionary or judicial. High on Extraordinary Remedies, Sec. 92; Tiedeman on Municipal Corporations, Sec. 173; Dillon on Municipal Corporations, Sec. 832; Kelly et al. v. City of Chicago et al., 62 Ill. 279; Ottawa v. People ex rel. Caton, 48 Ill. 233; County of St. Clair v. People ex rel. Keller, 85 Ill. 396; People ex rel. Bull v. Supervisors of La Salle County, 84 Ill. 303.

The awarding of a contract by the trustees to the lowest responsible bidder requires a judicial determination not only of the pecuniary responsibility of the bidders, but also of their judgment, skill, ability, integrity and good faith. Hoole v. Kinkead, 16 Nev. 217; Commonwealth v. Mitchell, 82 Pa. St. 343; High on Extraordinary Legal Remedies (2d Ed.), Sec. 92; People v. Contracting Board, 33 N. Y. 382.

Where the law requires the board to let contracts to the lowest responsible bidders, the powers vested in the trustees are judicial and not ministerial, and in the absence of fraud will not be controlled by the courts. Kelly v. Chicago, 62 Ill. 279; High on Extraordinary Legal Remedies, Sec. 92; Hoole v. Kinkead, 16 Nev. 217; East River Gas Light Co. v. Donnelly, 93 N. Y. 557; Erving v. Mayor, 131 N. Y. 133; State v. McGrath, 91 Mo. 386; State v. Commissioners of

Shelby Co., 36 Ohio 326; Douglas v. Commonwealth, 108 Pa. St. 559; Madison v. Harbor Board of Baltimore, 39 A. & E. Copp. R. 296; People v. Contracting Board, 33 N. Y. 382; People v. Contracting Board, 27 N. Y. 378.

A written proposal by the corporation, a written bid to do the proposed work, a written acceptance of the bid by the corporation, together constitute a contract, wholly in writing, valid and binding on the contractor and on the corporation. Village of Morgan Park v. Gahan (Ill.), 26 N. E. Rep. 1085; Argent v. San Francisco, 16 Cal. 256; Wiles v. Hoss, 114 Ind. 371; Beach on Municipal Corporations, Sec. 1, 104; Dillon on Municipal Corporations, Sec. 450; Chicago Mun. Gas Light Co. v. Town of Lake, 130 Ill. 42; City of Alton v. Mulledy, 21 Ill. 76; People v. Supervisors, 27 Cal. 655.

Fraud is never presumed, but must be proved by clear and cogent evidence, which leaves the mind satisfied that the charge is true. Shinn v. Shinn, 91 Ill. 477; The Aultman & Taylor Co. v. Weis, 34 Ill. App. 615; Kerr on Fraud & Mistake (Ed. of 1882), 382.

Allowing a responsible party to join in a bid submitted by irresponsible parties is a mere matter of grace on the part of the board of trustees, and the refusal thereof can not be charged as fraud or bad faith. People v. Green, 11 Hun 56; People v. Campbell, 72 N. Y. 497; People v. Board of Education, 5 N. Y. Sup. 392.

If the appellant is not entitled to the contract, the writ of mandamus or mandatory injunction does not lie; if he is entitled to the contract he has his action for damages at law. People v. Campbell, 72 N. Y. 497; People v. Board of Education, 5 N. Y. Sup. 392; People v. Green, 11 Hun 56.

The law does not favor litigation which interferes with or delays contracts like the one here in question. Harlev v. Sanitary District, 54 Ill. App. 337; Madison v. Harbor Board of Baltimore, 39 A. & E. Corp. Rep. 296.

Before the court can issue a mandamus or mandatory injunction, the petitioner must show a clear right to such relief from the court. If the right is doubtful, the writ

of mandamus will not be granted. People v. Soucy, 26 App. 505; People v. Old Town, 88 Ill. 202; People v. Crotty, 93 Ill. 180; People v. Contracting Board, 27 N. Y. 378.

Where a contract has already been let, a lower bidder is not entitled to a mandamus or mandatory injunction. People v. Contracting Board, 27 N. Y. 378; Weed, Parsons & Co. v. Beach, 66 How. 470-476.

WALKER, JUDD & HAWLEY, attorneys for appellees Griffiths and McDermott.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The trustees of the Sanitary District of Chicago having advertised for bids to do certain work, appellants and four others put in bids. Three of the bids having been ruled out, the appellants' bid was $145,111.06 lower than that of their only remaining rival. The contract having been awarded to such rival, appellants filed a bill to set aside such award, and, in effect, to compel the giving of the contract to them. The court below found against the complainants and they prosecute this appeal.

Various reasons, other than those resting upon the discretion possessed by the trustees in acting upon bids, have been urged by appellees as a sufficient answer to the bill of complaint in this cause.

Passing these by, we prefer to rest our decision affirming the decree of the Circuit Court, upon the reluctance with which a court of chancery will undertake to interfere with the discretion of a board charged with the execution of a public work, and in the awarding of contracts exercising powers quasi judicial.

In the nature of things it must be that the trustees of this sanitary district are better qualified to determine what bids should be accepted, and what rejected, than a court of chancery can be, and it is only when the chancellor can see that the board has either acted in violation of law, or in such a manner that its contract virtually amounts to a fraud, that the court will interfere. Kelly v. Chicago, 62 Ill. 279; Ewing

v. Mayor, 131 N. Y. 133; East River Gas Light Co. v. Donnelly, 93 N. Y. 55; Douglass v. Commonwealth, 108 Penn. St. 559.

It might be, if we were called upon to answer the question, that we should say that the bid of appellants should have been accepted and the contract awarded to them.

The discretion as to this matter has not been vested in us; it has been confided to trustees of this sanitary district.

We are to consider, not what we, in the exercise of discretion, would have done, but what the board in the exercise of its discretion, did, and to answer, if we are prepared to say that there has been such an abuse of the discretion vested in such board as amounts to a fraud. Nor can we be unmindful of the consequence of setting aside the decision of the trustees, and compelling them to enter into contractual relations with appellants.

While we have no doubt that, under such trying circumstances, the board would faithfully endeavor to discharge its duty, yet human nature is such that it is obvious unpleasant controversies, inimical to the interests of the public as well as to appellants, would be much more likely to arise from a contract thus forced upon the board, than under one by it voluntarily entered into.

It is much better that the complainants should be left to such remedy as a court of law may offer them, than that a court of chancery should, in this case, interfere with the usual course of the business of the great undertaking intrusted to this board.

The judgment of the Circuit Court is affirmed.

GARY, J.

I prefer to put my assent to the affirmance of this decree upon the single ground, that, in practical effect, the relief which the appellants seek is the specific performance of a contract for a succession of acts whose performance can not be consummated by one transaction, a kind of relief which chancery will not give.

I have said all I wish to say upon the matter in Hawley v. Sanitary District, 54 Ill. App. 337.