FREDERICK E. ANDERSON
*v.*
HENRY OLSEN *et al.*

*Opinion filed December 20, 1900—Rehearing denied February 7, 1901.*

1. PLEADING—*objection of remedy at law may be made by answer after overruling of demurrer.* An objection to the jurisdiction of a court of equity on the ground of an adequate remedy at law may be taken by answer, after a demurrer to the bill upon that ground has been overruled.

2. SPECIFIC PERFORMANCE—*equity will not enforce sale of personalty if remedy at law is adequate.* Equity will not specifically enforce a contract for the sale of personal property, such as a patent, if compensation in damages furnishes an adequate remedy at law.

*Olsen v. Anderson,* 90 Ill. App. 189, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

JOHN H. LEE, for appellant:

A contract for the assignment of a patent, or an undivided interest therein, belongs to that peculiar class of contracts which equity will compel the parties to perform according to their terms, on the ground that otherwise irreparable injury may be inflicted. *Whitney* v. *Burr,* 115 Ill. 289; *Cogent* v. *Gibson,* 33 Beav. 557; 1 Bispham's Eq. secs. 165, 172, 384, p. 216; *Littlefield* v. *Perry,* 21 Wall. 221; *Burr* v. *De LaVergne,* 102 N. Y. 415; *Kennedy* v. *Hazelton,* 128 U. S. 667; *Aspinwall Manf. Co.* v. *Gill,* 32 Fed. Rep.

697; *Dueber Watch Co. case*, 38 id. 700; *Railroad Co.* v. *Trimble*, 10 Wall. 387; *Blackney* v. *Goode*, 30 Ohio St. 359; *Bogum* v. *Daughdille*, 51 Ala. 312; *Covell* v. *Cole*, 16 Mich. 223; *White* v. *Dobson*, 17 Gratt. 262; *Austin* v. *Ewell*, 25 Tex. 403; *Fuller Manf. Co.* v. *Bartlett*, 68 Wis. 73; 23 Blatch. 95; *Hapsgood* v. *Rosenstock*, 23 Fed. Rep. 86; *Sommerly* v. *Bunting*, 118 Mass. 279; *Adams* v. *Messinger*, 147 id. 185; *Sherman* v. *Transp. Co.* 31 Vt. 162; *Satterthwait* v. *Marshall*, 4 Del. Ch. 337.

The contract for the transfer of a patent may be oral and yet be specifically enforced. Rob. on Patents, sec. 228; *Whitney* v. *Burr*, 115 Ill. 289; *Sommerly* v. *Bunting*, 118 Mass. 279; *Burk* v. *Patridge*, 58 N. H. 49; *Lockwood case*, 33 Iowa, 509; *Burr* v. *De La Vergne*, 102 N. Y. 415; *Havana Press Drill Co.* v. *Ashurst*, 148 Ill. 135.

The remedy is mutual. *Cogent* v. *Gibson*, 33 Beav. 557; *Bryson* v. *Peak*, 8 Ired. Eq. 310; *Kenney* v. *Waxham*, 6 Madd. 355; *Adderly* v. *Dixon*, 1 Sim. & Stu. 608; *Schroepel* v. *Hopper*, 40 Barb. 425; 6 Hard. 594; *Baumgardner* v. *Leavitt*, 35 W. Va. 194; *Waterman* on Specific Perf. 18; 3 Pomeroy's Eq. Jur. sec. 1402, p. 443; *Hodges* v. *Knowings*, 58 Conn. 12; *Andrews* v. *Babcock*, 26 Atl. Rep. 715; *Andrews* v. *Sullivan*, 2 Gilm. 327.

The vendor has a choice of remedies in those cases which fall within the jurisdiction of equity. 4 Brown's Ch. 329; *Hodges* v. *Knowings*, 18 Atl. Rep. 979; *Andrews* v. *Babcock*, 26 id. 715; *Bryson* v. *Peak*, 8 Ired. Eq. 310; *Wood* v. *McChesney*, 40 Barb. 422; *Baumgardner* v. *Leavitt*, 35 W. Va. 194; *Andrews* v. *Sullivan*, 2 Gilm. 327; *McMullen* v. *Vanzant*, 73 Ill. 190.

Courts of equity decree specific performance of contracts, not upon any distinction between realty and personalty, but because damages at law may not, in the particular case, afford a complete remedy. *Adderly* v. *Dixon*, 1 Sim. & Stu. 613; 3 Pomeroy's Eq. Jur. sec. 1402, p. 443; *Cohn* v. *Mitchell*, 115 Ill. 124; *Pierce* v. *Plumb*, 74 id. 327; *McMullen* v. *Vanzant*, 73 id. 190; *Ames* v. *Witbeck*, 179 id. 458.

C. W. GREENFIELD, for appellees:

The objection that there is an adequate remedy at law may be raised by answer, and the question may be saved in the answer, even after a demurrer has been overruled. *Black* v. *Miller*, 173 Ill. 489.

Specific performance will not be decreed unless peculiar circumstances are shown which require it, or where there is an adequate remedy at law. *Pierce* v. *Plumb*, 74 Ill. 326; *Cohn* v. *Mitchell*, 115 id. 124; *Barton* v. *De Wolf*, 108 id. 195; *Sauer* v. *Ferris*, 145 id. 115; *Parker* v. *Garrison*, 61 id. 252; *Prindle* v. *Quinn*, 7 Ill. App. 605; *Stewart* v. *Mumford*, 80 Ill. 192; *Gore* v. *Kramer*, 117 id. 176.

Courts of equity will not always enforce specific performance of a contract. The court must be governed to a great extent by the facts of each case as presented. *Fish* v. *Leser*, 69 Ill. 394; *Cohn* v. *Mitchell*, 115 id. 124; *Harrison* v. *Polar Star Lodge*, 116 id. 279; *Maltby* v. *Thews*, 171 id. 264.

The court will not decree specific performance of a contract which has been rescinded. *Bannister* v. *Read*, 1 Gilm. 92; *Herrington* v. *Hubbard*, 1 Scam. 569; *Williams* v. *Forbes*, 47 Ill. 148; *Huey* v. *Grinnell*, 50 id. 179; *Clement* v. *Evans*, 15 id. 92; *Daniels* v. *Smith*, 15 Ill. App. 339.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in chancery filed by appellant, the vendor, to require appellees, the vendees, to specifically perform a contract for the sale of a patent. The superior court overruled a demurrer to the bill, and upon a hearing upon bill, answer, replication and the master's report, entered a decree granting the relief prayed for. The Branch Appellate Court reversed such decree, and this is an appeal from such judgment of reversal.

It is claimed that as appellees did not stand by their demurrer they waived the right to challenge, by their answer, the jurisdiction of the court on the ground that appellant has a plain, speedy and adequate remedy at law. Such contention is disposed of in *Black* v. *Miller*,

173 Ill. 489, adversely to appellant, where it is held an objection to the jurisdiction of a court of equity on the ground of an adequate remedy at law may be taken by answer after a demurrer to the bill on that ground has been overruled.

The scope and effect of this bill are to enforce payment of the purchase money agreed to be paid by appellees for a patent. The general rule is, subject to the limitation that compensation in damages furnishes a complete and satisfactory remedy, that equity will not decree the specific performance of a contract which relates to the sale of personalty. (*Parker* v. *Garrison*, 61 Ill. 250; *Pierce* v. *Plumb*, 74 id. 326; *Barton* v. *DeWolf*, 108 id. 195; *Cohn* v. *Mitchell*, 115 id. 124.) In *Barton* v. *DeWolf*, *supra*, we say (p. 197): "The rule 'is not to entertain jurisdiction, in equity, for a specific performance of agreements respecting goods, chattels, stock, choses in action, and other things of a merely personal nature; yet the rule is (as we have seen) a qualified one, subject to exceptions, or, rather, the rule is limited to cases where a compensation in damages furnishes a complete and satisfactory remedy.' (2 Story's Eq. sec. 718.) Thus it is seen that a court of equity will not exercise jurisdiction where there is a complete and satisfactory remedy at law." The contract in this case falls within the general rule as above announced. The breach can be fully compensated for in an action at law, in damages. If a breach of the contract for the sale of the patent can be fully compensated by the payment to the appellant of the price agreed to be paid therefor, the price may be recovered in an action at law, and no such case is made as would require a court of equity to assume jurisdiction. It is said in *Pierce* v. *Plumb*, *supra* (p. 331): "It may be stated as one of the rules on this subject, that equity will not decree specific performance unless something more is to be done by it than mere payment of money, or anything which ends in the mere payment, because the law is adequate to this."

In *Barton* v. *DeWolf, supra,* and in *Pierce* v. *Plumb, supra,* the doctrine is announced that a court of equity will not specifically enforce a contract for the sale of government stocks, railroad stocks, etc., where there is a complete and satisfactory remedy at law, and we see no reason, in principle, why a different rule should be applied to a contract for the sale of a patent, where there is nothing more to be done by the vendee than pay the purchase price.

It is contended by appellant that as the vendee of a patent may have specific performance because the remedy at law, in many cases, is inadequate, so the vendor may have the same remedy, because such remedy must be mutual. The doctrine of mutuality in cases of specific performance has been recognized by this court in *Lancaster* v. *Roberts,* 144 Ill. 213, and *Welty* v. *Jacobs,* 171 id. 624. In the case of a sale of a patent the vendee is not in all cases entitled to specific performance. A court of equity will not decree the specific performance of a contract relating to the sale of personal property at the suit of the vendee, unless there is some element or feature in it to show that the relief at law might not be adequate,—as where the thing contracted for has some special value to the vendee. While in England and some States of the Union there are authorities which sustain the contention of appellant, yet, in view of the long line of decisions in this State holding that a court of equity will not grant specific performance of a contract for the sale of personal property unless it appears that the remedy at law is inadequate, we are not disposed to follow the same.

We are of the opinion appellant has an adequate remedy at law. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*