## William S. Dunham, Appellee, v. Adyline D. Slaughter and Kate D. Huston, Appellants.

1. EQUITY, § 56*—*when improper ruling on demurrer waived.* Answering over constitutes a waiver of any error in overruling a demurrer to a bill in equity.

2. SPECIFIC PERFORMANCE, § 45*—*when bill will not lie to specifically enforce a contract relating to personal property.* Where one of three heirs to an estate sold his interest to his sisters for a certain sum to be paid, upon the admission of the will to probate, in certain bonds and a certain note which were in excess of the contract price, and the excess was to be repaid by a check from such heir, and the sisters refused to carry out the contract, *held* that a bill in equity for specific performance was not the proper remedy, as he had an adequate remedy at law for breach of contract.

Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded with directions. Opinion filed October 16, 1914. Rehearing denied November 6, 1914. *Certiorari* allowed by Supreme Court.

HUMPHREY & ANDERSON, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CLXXXX 32

BEACH & TRAPP and BEVAN & BEVAN, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This is a bill filed by William S. Dunham, appellee, against Adyline D. Slaughter and her sister Kate D. Huston, appellants, for the specific performance of a contract. The parties are the children and only heirs at law of Martha E. Dunham, who died testate April 15, 1912, leaving an estate worth about $106,000. By her will she bequeathed to Kate D. Huston $16,000, and to Adyline D. Slaughter $15,000, and after making some other small bequests directed that the residue of her estate be converted into money by her executors (her daughters) and divided equally amongst her children, the parties to this suit. The will was filed for probate and the son, William S. Dunham, the appellee, threatened to contest the will and its probate was postponed.

After some negotiations the parties made and entered into a contract in writing by which the son sold out all his interest in the estate to his sisters for the sum of $25,000, to be paid to him within five days after the will should be admitted to probate, and his sisters appointed as executors, the said sum to be paid in certain United States bonds and a certain note, amounting in all to $27,260, he to pay back $2,260 in cash by check. The will was then probated, the son then made a deed conveying to his sisters all his interest in the estate of his mother, and tendered a check for $2,330, being the amount agreed upon plus some accrued interest on the United States bonds and a note mentioned in the written agreement executed by the parties before the will was probated. The sisters declined and refused to carry out the contract and the bill was filed for specific performance.

A demurrer to the bill was overruled and the defendants answered over. They now insist that error

was committed by the court in overruling the demurrer. By answering over they have waived the error, if any, in the overruling of the demurrer. *Hall v. Hall,* 125 Ill. 95; *McDole v. Kingsley,* 163 Ill. 437.

The answers, however, claim the same benefit and advantage they would have had by the demurrer and pray that the bill be dismissed for want of equity.

There is no reason apparent or alleged why a suit at law would not have given appellee an ample and complete remedy. By the agreement appellee was to get personal property only under its terms. Specific, performance is not the proper remedy under such circumstances. *Anderson v. Olsen,* 188 Ill. 505; *Cohn v. Mitchell,* 115 Ill. 131; *Barton v. DeWolf,* 108 Ill. 197; *Pierce v. Plumb,* 74 Ill. 331; *Parker v. Garrison,* 61 Ill. 250; *Grape Creek Coal Co. v. Spellman,* 39 Ill. App. 630. The parties had a complete remedy at law.

The decree will be reversed and the cause remanded with directions to dismiss the bill for the reason that the proper remedy is at law.

*Reversed and remanded with directions.*