Schmitt v. King et al., 234 Ill. App. 335.

## Kaspar Schmitt, Appellant, v. Newton E. King and Peoria Life Insurance Company, Appellees.

### Gen. No. 7,354.

1. SPECIFIC PERFORMANCE—*when subagency contract not specifically enforceable against insurance company.* A contract between an agent for a life insurance company and a subagent, under which the subagent was to be paid a commission on policies sold by him and the renewal premium commissions, gave such subagent no right against the company to have the contract specifically performed.

2. SPECIFIC PERFORMANCE—*contract for payment of varying indeterminate amounts not specifically enforceable.* A contract between an agent and a subagent of a life insurance company providing for payment of commissions on renewal premiums of policies sold by such subagent is not a proper one for specific performance because the amount payable each year would vary and to enforce it would require protracted supervision on the part of the court.

Appeal by plaintiff from the City Court of Sterling; the Hon. I. L. WEAVER, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed August 6, 1924.

FRANK J. BOWMAN, for appellant.

J. B. WOLFENBARGER, for appellees.

MR. JUSTICE JONES delivered the opinion of the court.

The appellant, Kasper Schmitt, filed his bill of complaint in the city court of Sterling, Illinois, against the appellees, Newton E. King and the Peoria Life Insurance Company, praying for the specific performance of a contract entered into between appellant and appellee Newton E. King, on February 24, 1921. The appellees filed separate demurrers to the bill. The court sustained the demurrers. Thereupon the appellant elected to stand by his bill and the court entered a decree dismissing the bill for want of equity. From that decree this appeal is prosecuted.

The contract sought to be enforced was entered into between the appellant and Newton E. King as individuals. By its terms the appellee King, who was an agent of the appellee, the Peoria Life Insurance Company, employed the appellant as subagent for the solicitation of life insurance for the company. King agreed to pay the appellant a commission for each policy secured and in addition thereto renewal commissions from the second to the tenth year, both inclusive, on renewal premiums paid on ordinary life and twenty-payment life and five per cent on renewal premiums paid on all other policies. The commissions accrued only as the premiums were paid to King or to the company, in cash. The contract further provided that it might be terminated by either party upon the giving of thirty days' notice but that the renewal commissions should be paid during the life of policies secured by appellant or for a ten-year period, if such policies were not sooner terminated, even though the contract be terminated. The contract contains numerous other provisions, respecting the liabilities of the parties, under the rules of the company. The performance of its terms are, in some instances, dependent upon action by the company, or the consent of the company is necessary therefor. The contract was terminated by notice on June 1, 1923. The company paid appellant all commissions on renewal premiums to that date but since that time neither the company nor King has paid any commissions to the appellant.

The only question to be determined is whether or not the bill states a case for the specific performance of a contract, and this depends on whether the contract is such that it will be enforced specifically by a court of equity.

It is clear that the contract cannot be enforced specifically against the Peoria Life Insurance Company. It is not a party to the contract, assumes none of its obligations and while it has accepted applica-

tions for insurance secured by the appellant and issued policies to such applicants, that was done only in the performance of its agreement with its agent King for whom the appellant was working. In so far as the decree affected the company, it was unquestionably correct.

The only grounds urged upon which equity might decree specific performance of the contract are that a multiplicity of suits will be required to enforce the rights of the appellant and that he would be required annually to inquire of some 460 policyholders to learn whether they had paid their premiums. It is said that this makes the remedy at law inadequate so that equity will take jurisdiction. There is no allegation in the bill that a multiplicity of suits will be required. Neither are there any facts set up which disclose that the remedy at law is inadequate. If a decree for specific performance of the contract be entered, the court must supervise its performance from year to year. Appellant's contract provides for the payment of money only and his demand is purely legal, but the amount he will be entitled to recover each year will vary with the termination of policies by the death of the holders, or by lapse. The processes of courts at law are open to the appellant to enable him to secure from the company the proofs of his demand. From anything that appears in the contract or the bill, appellant's remedy at law is adequate.

In addition to this, it is evident that the court cannot enter a decree for the payment of a specific sum of money annually, because the court cannot know how many policies will lapse or how many policyholders will die, thus ending the payment of premiums. It has been held that specific performance of contracts, which by their terms call for a succession of acts, whose performance cannot be consummated by one transaction, but which require protracted supervision will not be granted. (*Grape Creek Coal Co. v. Spellman,* 39 Ill.

App. 630; *Harley v. Sanitary Dist. of Chicago,* 54 Ill. App. 337.) It is also held that equity will not enforce specifically a contract relating only to personal property, where compensation in damages furnishes a complete and satisfactory remedy. (*Cohn v. Mitchell,* 115 Ill. 131; *Anderson v. Olsen,* 188 Ill. 505; *Dunham v. Slaughter,* 190 Ill. App. 497.)

The only case cited by appellant which in any manner approaches the case at bar is *Fleming v. Peterson,* 167 Ill. 465, wherein the court granted a decree for specific performance of a contract, entered into between parties who were divorced, providing for the payment of an annuity by the defendant to the complainant of a specific sum in lieu of the alimony awarded to the complainant at the time of her divorce from the defendant. In that case, it was not necessary for the court to supervise the performance of the contract. The sum to be paid annually was fixed and contingent only upon the continued life of the parties. In addition there was no question of the legal right of the complainant and it was alleged that a multiplicity of suits would be required to secure complainants rights to her.

We are of the opinion that the court did not err in sustaining the demurrers and dismissing the bill. The decree will therefore be affirmed.

*Decree affirmed.*