Harry I. Langson, Appellant, v. Sol H. Goldberg et al., Appellees.

Gen. No. 40,198.

Opinion filed January 11, 1939. Rehearing denied February 6, 1939.

JOSEPH B. GILBERT, of Chicago, for appellant.

WILLARD C. WALTERS, of Chicago, for appellee Sol H. Goldberg.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff from a decree dismissing his bill for want of equity on motion of the defendants.

The facts charged in the complaint are that on May 15, 1928, 32 South State Street Building Corporation, an Illinois corporation, now known as South State Street Building Corporation, issued and sold to the public a bond issue totaling $1,100,000, consisting of 2,530 bonds. The bonds were secured by a trust deed, dated May 15, 1928, conveying to American Trust & Safe Deposit Co., as trustee, the long-term leasehold from the board of education of the city of Chicago, which had theretofore been assigned to the South State Street Building Corporation by the original lessees, to the premises located at 32–34 South State street, Chicago, Illinois. Bonds of a par value of $230,000, have since been paid and canceled; the remaining bonds, totalling $870,000, have not been paid in whole or in part and are still outstanding. South State Street Building Corporation has at all times been in possession of the premises, collecting the rents therefrom. On December 13, 1934, the circuit court of Cook county, by its decree, removed the American Trust & Safe Deposit Co. as trustee under said trust deed and appointed Fred E. Hummel as successor trustee.

The complaint further charges that by the terms of article III of the trust deed, the grantor, South State Street Building Corporation, covenanted to make payments to the trustee on the 15th day of each month, beginning on the 15th day of November, 1929, and continuing to the 15th day of April, 1943, for the purpose of creating by such payments a sinking fund for the

annual redemption of a portion of the outstanding bonds. The monthly payments so covenanted to be made into the sinking fund were graduated in amount, beginning with the sum of $2,000 each month during the first year, gradually rising to the sum of $3,666.67 each month, the total amount accruing to the 15th day of November, 1937, being $232,000.08. The annual redemption date, as provided by said article III of the trust deed, was to be the 15th day of May in each year, beginning with the 15th day of May, 1930, the redemption to be conducted by the trustee in the manner set forth in said article of the trust deed, upon public notice to the grantor and the holders of the bonds chosen by the trustee by lot for redemption, at the redemption price of 101 per cent of the principal amount of the bonds, chosen for redemption plus accrued interest.

It is further charged that any bonds paid or bought or redeemed by the grantor, or the guarantor, or by anyone in grantor's behalf, could not be reissued and was to be forthwith canceled, and could not, therefore, be called for redemption from the sinking fund.

It also appears that by a separate instrument in writing, executed on May 15, 1928, Sol H. Goldberg, one of the defendants, guaranteed, among other things, the performance by the grantor of each of the covenants by it made in said trust deed in the manner and at the time or times therein set forth, which were to be kept by the grantor, the said guaranty running expressly to the holder or holders from time to time of said bonds, said American Trust & Safe Deposit Co., as trustee, for the benefit of the holders from time to time of said bonds, and the American Bond & Mortgage Co., a Maine corporation.

The bill charged as a fact that no payment has been made into the sinking fund by the grantor, South State Street Building Corporation, or by anyone in its be-

half; that there has accrued, and remains wholly unpaid, the sum of $232,000.08, which amount the grantor has wholly failed to pay, in direct violation of article III of the trust deed; that none of said bonds at any time outstanding has ever been called for redemption under the provisions of article III of the trust deed, nor have any of said bonds ever been redeemed, either under the provisions of article III or those of article IV of the trust deed.

That due to the bankruptcy in 1933 of the McCrory Stores Corporation, the original sublessee of the grantor's premises, the abandonment by the bankrupt of the premises and the subsequent subletting of the premises at greatly reduced rentals, the grantor has not since the year 1933 earned and received sufficient income to pay ground rents, taxes and interest on the aforesaid bonds; that the plaintiff is advised and believes that ever since the year 1933, the interest on the outstanding bonds has been paid with funds largely advanced to the grantor by Sol H. Goldberg, the guarantor of the bonds, and represents that the leasehold estate is scant and insufficient security for the outstanding bonds in the amount of $870,000 and that, but for the guaranty of Sol H. Goldberg, the bonds would now be practically valueless; that the plaintiff and all other holders of the outstanding bonds will be irreparably injured unless the court decree that the said Sol H. Goldberg, under the terms of his guaranty, make good the grantor's default in respect to the sinking fund payments in the amount of $232,000.08, to be disposed of in accordance with the provisions of article III of the trust deed, to the end that gradual redemption of the outstanding bonds be made, as contemplated by the trust deed.

It also appears that the grantor and the guarantor now claim that the performance by them, or either of them, of the sinking fund provisions of the trust deed,

was waived by a substantial portion of the bondholders, and the guarantor released from his guaranty, and that by virtue of the said pretended waiver and release, the acquisition by them, or either of them, of bonds of a par value of $230,000 and their cancellation constituted a compliance and performance of the sinking fund provisions of the trust deed; that the claim is based on a circular letter issued by the grantor, under date of May 15, 1935, to the bondholders, in which three distinctly deceitful and fraudulent representations were made in order to induce the bondholders to waive default in the performance of the sinking fund provisions of the trust deed by authorizing the trustee to accept bonds at their face value in lieu of cash payments to the credit of the sinking fund, and to release the guaranty of Sol H. Goldberg, in consideration of the grantor paying the interest then due, together with a premium of 1/10th of 1 per cent of the principal of the bonds, and the bill sets forth the fraudulent representations which were made in the letter.

The plaintiff states that he is now and has been since June, 1928, the holder and owner of three of the outstanding bonds, in the total amount of $700; that the bonds are secured by the trust deed in question, and that he brings this suit on behalf of himself and all the other bondholders similarly situated, as the representative of their interests.

Then follows the prayer for relief, and the motion for dismissal of the bill as filed by Sol H. Goldberg, one of the defendants.

The relief prayed for in this case is that the court declare by its decree the pretended waivers and releases by some of the bondholders of the defaults of the grantor in the performance of the covenants of the trust deed and of the guaranty of Sol H. Goldberg null and void and of no effect, and declare the guaranty of Sol H. Goldberg to be in full force and effect,

notwithstanding such waivers and releases. It is further prayed that an accounting be taken to determine the amount due and owing from Sol H. Goldberg by virtue of his guaranty by reason of the defaults of the grantor to make the payments stipulated in the trust deed to be made to the credit of the sinking fund for the redemption of outstanding bonds, and that Sol H. Goldberg be decreed to pay to the trustee appointed by the court what, if anything, shall upon the taking of such accounting appear to be due from him under his guaranty, and that the amount decreed to be paid by Sol H. Goldberg shall be disbursed for the purpose of redeeming the outstanding bonds, subject to the order of the court.

The rule applicable to an action of the character before us is that a contract which by its terms calls for a succession of acts, whose performance cannot be consummated by one transaction and which requires protracted supervision and direction, cannot be specifically enforced. *Harley v. Sanitary Dist. of Chicago,* 54 Ill. App. 337; *Grape Creek Coal Co. v. Spellman,* 39 Ill. App. 630; that equity, when it takes jurisdiction to enforce the specific performance of a contract will enforce it in all its parts, and will not undertake such enforcement where the contract calls for a succession of acts whose performance cannot be consummated by one transaction, and which requires protracted supervision. *Hernreich v. Lidberg,* 105 Ill. App. 495.

From the bill it appears that at the time of filing $230,000 was to have been paid into the sinking fund, and that a balance of $870,000 was to be paid in monthly instalments thereafter as provided for by the terms of the trust deed. From an examination of the complaint, the trial court is unable to enter a final decree upon the facts as alleged therein. It is apparent from the facts that the court was controlled by a contract which by its terms called for a succession of acts;

that a decree, if entered upon the facts as they are alleged, would require protracted supervision and direction by the court in the enforcement of the provisions of the guaranty, as well as the trust deed, and the court would be required to retain jurisdiction for that purpose.

It is well to have in mind the fact that the payments required to be made by the guarantor and deposited in a sinking fund, were to be made in monthly instalments and would require the court to supervise such payments in the future.

The rule of law requires in specific performance cases that the performance of the contract entered into may be enforced and a decree entered which will enforce all of its parts by a decree, and as we have already indicated, the enforcement of the contract would require considerable time and include a series of acts to be performed in the future and at the time provided for in the contracts.

Other questions have been called to our attention, but in view of our conclusion it will not be necessary to consider the points that have been raised in the briefs of the parties. The decree entered by the court in this case therefore is affirmed.

*Decree affirmed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.